Rel: 8/29/14

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0649), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## SPECIAL TERM, 2014

_____

### 1131136

_____

Ex parte Spencer Parker

PETITION FOR WRIT OF CERTIORARI
TO THE COURT OF CRIMINAL APPEALS

(In re: Spencer Parker

v.

State of Alabama)

(Baldwin Circuit Court, CC-12-722;
Court of Criminal Appeals, CR-12-1752)

BRYAN, Justice.

WRIT DENIED. NO OPINION.

1131136

Stuart, Bolin, Parker, Murdock, Shaw, Main, and Wise, JJ., concur.

Moore, C.J., dissents.

1131136

MOORE, Chief Justice (dissenting).

I dissent from the denial of the petition for a writ of certiorari in this case because Spencer Parker was denied his right of confrontation under the Sixth Amendment to the United States Constitution.

In an unpublished memorandum, the Court of Criminal Appeals held that Parker did not preserve for review his Sixth Amendment claim because his objection at trial was based on the best-evidence rule and the rule against hearsay. Parker v. State (No. CR-12-1752, June 6, 2014), ___ So. 3d ___ (Ala. Crim. App. 2014) (table). During his trial for unlawful possession of a controlled substance, Parker objected on three separate occasions to the admission of the testimony of Alabama Department of Forensic Sciences section chief Katrina Hanks. Hanks supervised Stephanie Fisher, who actually analyzed the evidence at issue and prepared the forensic drug report the State intended to use against Parker. On the second objection, Parker argued that he had "'absolutely no way to cross-examine [Fisher] because she is not here ....'" Thus it is apparent that Parker objected not only to the alleged admission of hearsay evidence and to the court's alleged

3

disregard of the best-evidence rule, but also to the denial of his right to confront a witness against him. Therefore, Parker's Sixth Amendment claim was preserved for review.

The Court of Criminal Appeals further held that even if Parker had preserved his Sixth Amendment claim, "[b]ecause Hanks was a competent witness who provided live testimony and was subject to cross-examination, we find that the admission of the forensic drug report did not violate Parker's confrontation rights." This holding is plainly contrary to the Sixth Amendment, which provides that, "in all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him ...." Amend. VI, U.S. Const. (emphasis added). Here, the witness against Parker was Fisher, who prepared the forensic drug report. However qualified Hanks may have been as an expert in drug chemistry, she was not the one who prepared the report used to convict Parker and therefore was not a witness against Parker with regard to that testimony. See Ex parte Ware, [Ms. 1100963, Jan. 17, 2014] ___ So. 3d ___, ___ (Ala. 2014) (Moore, C.J., concurring in part and dissenting in part) ("The Confrontation Clause protects the accused's right to confront the witnesses

4

1131136

against him, not the witnesses' supervisor or reviewer, or the custodian of records.").

Under the facts presented to us, it appears Parker has been denied his Sixth Amendment right of confrontation. Accordingly, I respectfully dissent.